FILED
United States Court of Appeals
Tenth Circuit

December 11, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

ROOSEVELT B. JOHNSON,

        Defendant-Appellant.

No. 09-3328
(D.C. No. 5:09-CR-40007-JAR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **HARTZ**, Circuit Judges.

Roosevelt B. Johnson appeals an order of the district court denying his

request for release pending trial for one count of possessing a firearm following a

felony conviction. He claims that the district court's decision to detain him

pending trial is based on an incorrect consideration of the applicable statutory

factors. We exercise jurisdiction under 18 U.S.C. § 3145(c) and affirm.

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

On January 22, 2009, Mr. Johnson was stopped and detained on a city street when a police officer observed Mr. Johnson's companion committing a possible violation of a city ordinance. A subsequent search revealed that Mr. Johnson had a semi-automatic pistol in his sock. Mr. Johnson claimed he had just seen the gun under a bush, picked it up to prevent a child from finding it, and was on his way to give it to a nearby storekeeper.

Previously, Mr. Johnson had been convicted of second-degree murder and aggravated robbery, sentenced to a 154-month term of imprisonment, and later paroled. Accordingly, the January incident led to a federal indictment for possessing a firearm after a conviction of a crime punishable by imprisonment for a term exceeding one year in violation of 18 U.S.C. § 922(g).

At his detention hearing, Mr. Johnson asserted that if released he would reside with his fiancee and her children. And, although unemployed, he was seeking employment and had plans to enroll in a college program. He also maintained that he was developing a stop-the-violence program in his community and he had already arranged for drug treatment. Rather than detention, he suggested home detention with electronic monitoring and frequent contacts with a pretrial-services officer.

The district court found that no conditions of release would ensure Mr. Johnson's appearance at trial and the safety of the community. This

determination was based on the following findings: Mr. Johnson's previous conviction, his alleged absconding from supervision and drug use during his term of parole, lack of any documented adult employment, history of substance abuse; and absence of strong ties to the community. The district court also observed "the way that Mr. Johnson had secreted the firearm in his sock is indicative not of someone who had just found a firearm and someone who intended to get rid of it immediately, but someone who intended to hide it for some other use." Supp'l App. at 17-18. The district court, however, acknowledged that Mr. Johnson had taken some positive steps toward self-improvement while he was in state custody.

## II.

Under the Bail Reform Act, a defendant must be detained pending trial if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must consider the following factors: "(1) the nature and circumstances of the offense charged"; "(2) the weight of the evidence against the person"; "(3) the history and characteristics of the person"; and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id*. § 3142(g). We review de novo mixed questions of law and fact concerning the detention decision. *United States v.*

*Cisneros*, 328 F.3d 610, 613 (10th Cir.2003).  We review the district court's findings of fact for clear error.  *Id.*

III.

On appeal, Mr. Johnson does not assert a specific procedural, factual, or legal error in the district court proceedings.  Instead, he claims the district court reached the wrong conclusion.  To support his position, he emphasizes that his earlier crimes occurred in 1996 when he was nineteen and that he assisted the prosecution in the case against his co-defendants.  And at present, he is not charged with a crime of violence or using or possessing the firearm in connection with another offense.  Moreover, he came forward with a practicable pretrial living arrangement with his fiancée and explained his possible employment prospects, academic intentions, marriage plans, and potential volunteer projects.  Mr. Johnson's arguments do not undercut the validity of the district court's ruling.

Considering all of the evidence and the § 3142(g) factors, Mr. Johnson has not shown error in the district court's ruling.  AFFIRMED.

ENTERED FOR THE COURT

PER CURIAM